CAMPBELL & WILLIAMS
PHILIP R. ERWIN, ESQ. (11563)
pre@cwlawlv.com
710 South Seventh Street, Suite A
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

GOODWIN PROCTER LLP
DAVID D. CROSS, ESQ. (*Pro Hac Vice* forthcoming)
DCross@goodwinlaw.com
1900 N Street, NW
Washington, DC 20036
Telephone: (202) 346-4000
Facsimile: (202) 346-4444

GOODWIN PROCTER LLP
ALICIA RUBIO-SPRING, ESQ.
(*Pro Hac Vice* forthcoming)
ARubio-Spring@goodwinlaw.com
100 Northern Avenue
Boston, MA 02210
Telephone: (617) 570-1000
Facsimile: (202) 346-4444

*Attorneys for Entrata, Inc.*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| ANGELA BROWN, on behalf of herself and all similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>ENTRATA, INC.,<br><br>Defendant, | Civil Action No.<br><br>Removed from:<br>District Court for Clark County<br>Case No. A-26-940907-C Department 8<br><br>**NOTICE OF REMOVAL** |

**<u>NOTICE OF REMOVAL</u>**

**PLEASE TAKE NOTICE** that Defendant Entrata, Inc. ("Entrata") hereby removes the above-captioned putative class action, *Brown v. Entrata, Inc.*, which is currently pending in the District Court for Clark County, Nevada, No. A-26-940907-C Department 8 (the "*Brown* Action"), to the U.S. District Court for the District of Nevada, Las Vegas Division, pursuant to 28 U.S.C. §§ 1332 (d), 1441, 1446, and 1453.[1] As grounds for removal, Entrata states the following.

[1] Entrata sets forth the allegations in Plaintiff's Complaint solely to establish the prerequisites for jurisdiction and removal of this action. By filing this Notice of Removal ("Notice"), Entrata does not waive any objections it may have as to lack of jurisdiction over Entrata, or venue, or any other

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**INTRODUCTION**

The *Brown* Action is removable under 28 U.S.C. § 1441 and the Class Action Fairness Act, as codified at 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453 ("CAFA"). Pursuant to CAFA, federal courts have original jurisdiction over class actions where: (1) the putative class consists of at least 100 members (28 U.S.C. § 1332(d)(5)(B)); (2) there is minimal diversity between the parties (28 U.S.C. § 1332(d)(2)(A)); and (3) the aggregate, class-wide amount in controversy exceeds $5,000,000, exclusive of interest and costs (28 U.S.C. §§ 1332(d)(2), (6)). Based on Plaintiff's allegations (which Entrata expressly denies and intends to demonstrate are without merit), removal is proper because CAFA's requirements are met and no exception to CAFA jurisdiction applies. Additionally, Entrata has timely removed.

**BACKGROUND**

1. On March 5, 2026, Plaintiff Angela Brown ("Plaintiff") filed a class action against Entrata in the District Court for Clark County, Nevada alleging violation of the Nevada's Deceptive Trade Practices Act, Nev. Rev. Stat., §§ 598.0903, *et seq*. ("NDTPA"). *See* Complaint (Exhibit A) ¶¶ 88–94. Plaintiff also asserts claims for tortious interference with contract (*id*. ¶¶ 76–81), unjust enrichment (*id*. ¶¶ 82–87), as well as claims for declaratory and injunctive relief (*id*. at 25), actual and punitive damages (*id*.), and restitution (*id*.).

2. Entrata was served with a Summons and Complaint on March 6, 2026. *See* Exhibit A; Declaration of Jamis Gardner ("Gardner Decl."), ¶ 2.

3. Plaintiff alleges that she and other residents in Nevada and nationwide paid Entrata convenience fees while making payments through Entrata's ResidentPortal platform in purported violation of NDTPA. Complaint ¶¶ 13–18, 31–45, 88–94.

. . . . .

. . . . .

. . . . .

---

defenses or objections, including but not limited to the viability of class certification. Entrata intends no admission of fact, law, or liability by this Notice, and reserves all defenses, motions, and pleas.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**REMOVAL IS PROPER UNDER CAFA**

4. This Court has original jurisdiction under 28 U.S.C. §§ 1332(d) and 1453 because (1) at least one member of the putative class and Entrata are citizens of different States; (2) the putative class consists of 100 or more members; and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d).

*The Diversity of Citizenship Requirement Is Satisfied (28 U.S.C. § 1332(d)(2)(A))*

5. CAFA requires only "minimal diversity," meaning that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

6. For purposes of diversity of citizenship, Plaintiff is a citizen of Nevada. As alleged in the Complaint, Plaintiff "is a citizen and resident of Las Vegas, Nevada." Compl. ¶ 8.

7. For purposes of diversity of citizenship, Entrata is a citizen of Utah and Delaware. *Id.* ¶ 9 ("Defendant is a Delaware corporation headquartered in Lehi, Utah.").

8. Accordingly, the citizenship requirement under CAFA is satisfied.

*The Numerosity Requirement Is Satisfied (28 U.S.C. § 1332(d)(5)(B))*

9. Removal is proper under 28 U.S.C. § 1332(d)(5)(B) because there are more than 100 putative class members.

10. Plaintiff defines multiple putative classes as follows:

a. **Nationwide Class:** During the fullest period allowed by law, all persons who were charged a Convenience Fee by Defendant when making a rent payment through the ResidentPortal platform (the "Nationwide Class").

b. **Nevada Subclass:** During the fullest period allowed by law, all persons who were charged a Convenience Fee by Defendant in the State of Nevada when making a rent payment through the ResidentPortal platform (the ""Nevada Subclass").

Compl. ¶ 65–66.

. . . . .

. . . . .

. . . . .

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

11. Plaintiff seeks to bring this action on behalf of herself and "all persons who were charged a Convenience Fee by Defendant when making a rent payment through the ResidentPortal platform," Compl. ¶ 65, and alleges that Entrata "serves over 35,000 rental communities and 12 million residents worldwide," Compl. ¶ 14, such that the proposed classes consist of more than 100 persons.

12. Entrata's records confirm that there are in excess of 100 people who had a Nevada address and who paid Entrata a fee in connection with making their rental payments. Gardner Decl. ¶ 5. In 2025 alone, Entrata collected convenience fees in connection with rental payments from 40,098 residents with Nevada addresses. *Id.*

13. Accordingly, the numerosity requirement under CAFA is satisfied.

*The Amount-in-Controversy Requirement Is Satisfied (28 U.S.C. §§ 1332(d)(2), (6))*

14. For removal purposes, establishing the amount-in-controversy under CAFA requires only that a defendant provide a short and plain statement of the basis for jurisdiction—the equivalent of that required for a plaintiff filing a complaint. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1069 (9th Cir. 2021).

15. While Entrata denies that Plaintiff is entitled to recover any amount, and denies that certification of any class is proper, Plaintiff's allegations, requests for relief, and class definitions plausibly place the amount in controversy in this case above CAFA's $5 million aggregate threshold for jurisdictional purposes. 28 U.S.C. §§ 1332(d)(2), (6).

16. Plaintiff alleges that Entrata "currently serves over 35,000 rental communities and 12 million residents worldwide." Compl. ¶ 14. Plaintiff alleges that Entrata "charges consumers a pay-to-pay Convenience Fee," Compl. ¶ 31, and that "[f]rom December 2023 to April 2024, Plaintiff Brown was charged a $6.95 Convenience Fee" and "[f]rom May 2024 to April 2025, Plaintiff Brown was charged a $7.95 Convenience Fee" for her debit card payments through Entrata's ResidentPortal platform. Compl. ¶¶ 40, 41. Plaintiff further alleges that "Plaintiff's claims are typical of the claims of the other proposed Class members," and that "[t]he proposed Class is numerous such that joinder is impracticable. Compl. ¶¶ 72, 70.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

17. Plaintiff seeks, on behalf of herself and the putative class, damages and other relief that collectively exceed the $5 million amount-in-controversy requirement.

a. Declaratory and Injunctive Relief. Plaintiff seeks declaratory and injunctive relief that would prevent Entrata from collecting fees. *See* Compl. at 25 ("Plaintiff demands judgment against Defendant for herself and the proposed Class. . . [e]njoining Defendants from charging or collecting any further rent-reporting fees . . . ."); *see also id.* ¶ 94 (seeking "declaratory and injunctive relief . . . under the NTPA"). ."). Under NDTPA, a party may be entitled to declaratory and injunctive relief. *See* Nev. Rev. Stat. § 41.600(3)(c) (providing that in an action where the claimant prevails on a claim of a deceptive trade practice, the court shall award the claimant "[a]ny equitable relief that the court deems appropriate"). *See Ferrari Fin. Servs., Inc. v. Murapa*, 2026 WL 622702, at *3 (D. Nev. Mar. 5, 2026) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). This relief alone exceeds the $5 million threshold. Plaintiff contends that: (1) Entrata "charges consumers a pay-to-pay Convenience Fee," Compl. ¶ 31, and (2) that Plaintiff was charged a Convenience Fee of $6.95–$7.95 Convenience Fee per month for her debit card payments through Entrata's ResidentPortal platform, Compl. ¶¶ 40, 41. Entrata's records confirm that in 2025 alone 40,098 residents with Nevada addresses made rental payments through ResidentPortal and were charged a convenience fee. Gardner Decl. ¶ 5. Further, in 2025, Entrata collected approximately $10.4 million in revenue derived from convenience fees for rental payments made by residents with Nevada addresses. *Id.*

b. Damages. Plaintiff also seeks actual, statutory, and treble damages. *See* Compl. at 25; *see also id.* ¶ 94 ("Plaintiff and Nevada Subclass members are entitled to actual damages . . . under the NDTPA."). Under the NDTPA, a party may be

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 South Seventh Street, Las Vegas, Nevada 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

entitled to actual damages. *See* Nev. Rev. Stat. § 41.600(3)(c) (providing that in an action where the claimant prevails on a claim of a deceptive trade practice, the court shall award the claimant "[a]ny damages that the claimant has sustained"). Plaintiff contends that: (1) Entrata "charges consumers a pay-to-pay Convenience Fee," Compl. ¶ 31, and (2) that Plaintiff was charged a Convenience Fee of $6.95–$7.95 Convenience Fee per month for her debit card payments through Entrata's ResidentPortal platform, Compl. ¶¶ 40, 41. Actual damages alone exceed the $5 million threshold given the fee amounts alleged and the number of potential residents at issue. Accordingly, actual damages alone place greater than $5 million in controversy.

c. Attorneys' Fees. Plaintiff also seeks attorney' fees pursuant to the NDTPA. *See* Nev. Rev. Stat. § 41.600(3)(c) (providing that in an action where the claimant prevails on a claim of a deceptive trade practice, the court shall award the claimant "costs in the action and reasonable attorney's fees"). State statutes that allow for a prevailing party to recover attorneys' fees must be included in the amount in controversy. *See Fritsch v. Swift Transp. Co. of Arizona*, LLC, 899 F.3d 785, 794 (9th Cir. 2018) (concluding that a court must include attorneys' fees recoverable by statute when assessing whether the amount-in-controversy requirement of the CAFA is met).

18. Accordingly, the total amount in controversy in this matter surpasses the $5,000,000 jurisdictional threshold set by 28 U.S.C. § 1332(d)(2).

*CAFA Jurisdiction Is Not Discretionary*

19. While 28 U.S.C. § 1332(d)(3), (4), (5), and (9) recognize situations where this Court may or must decline jurisdiction despite the fact that minimal diversity jurisdiction and the amount in controversy requirements of § 1332(d)(2) are satisfied, Plaintiff shoulders the burden of establishing that any of these exceptions apply, and cannot meet this burden in the present case. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007) (holding that party seeking

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

remand of case removed under CAFA, not removing party, bears burden of proof to establish CAFA exception).

20. Under CAFA, "[a] district court may . . . decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate ***and the primary defendants are citizens of the State in which the action was originally filed.***" 28 U.S.C. § 1332(d)(3) (emphasis added). CAFA jurisdiction is not discretionary because Entrata is not a citizen of Nevada where this action was originally filed. *Supra* ¶ 6.

*No Exception to CAFA Jurisdiction Applies*

21. Although Entrata denies that it bears the burden of showing that exceptions to CAFA jurisdiction under 28 U.S.C. §§ 1332(d)(4), (5), and (9) are inapplicable, none apply.

22. For the exceptions under 28 U.S.C. § 1332(d)(4) to apply, at least one of the defendants or the primary defendants must be citizens of the State in which the action was originally filed. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc) ("at least 1 defendant is a defendant… who is a citizen of the State in which the action was originally filed"); 28 U.S.C. § 1332(d)(4)(B) ("two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed"). This exception does not apply because Entrata is not a citizen of Nevada where this action was originally filed. *Supra* ¶ 6.

23. For the exception under 28 U.S.C. § 1332(d)(5)(A) to apply, the primary defendants must be "States, State officials, or other governmental entities." 28 U.S.C. § 1332(d)(5)(A). This exception does not apply because Entrata is not a governmental entity.

24. For the exception under 28 U.S.C. § 1332(d)(5)(B) to apply, there must be less than 100 putative class members. *See* 28 U.S.C. § 1332(d)(5)(B). This exception does not apply because there are more than 100 putative class members as explained above. *Supra* ¶¶ 9–13.

25. For the exception under 28 U.S.C. § 1332(d)(9) to apply, the class action must involve claims under securities laws or that relate to the internal affairs or governance of a corporation or business enterprise. *See* 28 U.S.C. § 1332(d)(9)(A)-(C). This exception does not

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

apply because the *Brown* Action involves claims under consumer protection laws in connection with Entrata's business activities in Nevada, and not securities laws. *Supra* ¶¶ 1, 3.

**OTHER PROCEDURAL REQUIREMENTS**
**FOR REMOVAL HAVE BEEN SATISFIED**

26. Timely Removal. Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Entrata was served with a Summons and Complaint on March 6, 2026, respectively, and removed the *Brown* Action on April 3, 2026.

27. Removal to Proper Court. Pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1446(a), this Notice of Removal is being filed in the U.S. District Court for the District of Nevada, Las Vegas Division, which is the "district court" embracing the place where the action was filed.

28. Signature. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, in compliance with 28 U.S.C. § 1446(a).

29. Pleadings and Process. Copies of all process, pleadings, documents, and orders served upon Defendant in the state court are attached hereto as Exhibits A–D, in compliance with 28 U.S.C. § 1446(a).

30. Notice of Filing of Notice of Removal. Attached hereto as Exhibit D is a copy of the Notice of Filing of Notice of Removal, without exhibits, which will be promptly filed with the Clerk of the District Court for Clark County, Nevada and served upon Plaintiff's counsel, pursuant to 28 U.S.C. § 1446(d).

31. Bond and Verification. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, this Notice does not require a bond or need to be verified.

32. Filing Fee. Entrata has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

. . . . .

. . . . .

. . . . .

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**CONCLUSION**

33. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(d) and 1453, and the claims may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

Dated: April 3, 2026

/s/ *Philip R. Erwin*
Philip R. Erwin, Esq.
CAMPBELL & WILLIAMS
710 South Seventh Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222
Fax: (702) 382-0540
pre@cwlawlv.com

/s/ *David D. Cross*
David D. Cross (*pro hac vice forthcoming*)
DCross@goodwinlaw.com
**GOODWIN PROCTER LLP**
1900 N Street, NW
Washington, DC 20036
Tel.: +1 202 346 4000
Fax: +1 202 346 4444

Alicia Rubio-Spring
(*pro hac vice forthcoming*)
ARubio-Spring@goodwinlaw.com
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Tel.: +1 617 570 1000
Fax: +1 202 346 4444

*Attorneys for Entrata, Inc.*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2026, I caused a true and correct copy of the foregoing Notice of Removal to be served by email upon the following counsel for Plaintiff:

Michael J. Gayan, Esq. (#11135)
Katrina Stark, Esq. (#16006)
CLAGGETT & SYKES LAW FIRM
1160 N. Town Center Drive, Suite 200
Las Vegas, Nevada 89144
Telephone: (702) 655-2346
Facsimile: (702) 655-3763
mike@claggettlaw.com
katrina@claggettlaw.com

Melissa S. Weiner, Esq. *
Ryan T. Gott, Esq. *
PEARSON WARSHAW, LLP
328 Barry Avenue S., Suite 200
Wayzata, MN 55391
Telephone: (612) 389-0600
Facsimile: (612) 389-0610
mweiner@pwfirm.com
rgott@pwfirm.com
(*pro hac vice forthcoming)

Sophia G. Gold, Esq. (pro hac vice forthcoming)
KALIELGOLD PLLC
490 43rd Street, Suite 122
Oakland, CA 94609
Telephone: (202) 350-4783
sgold@kalielgold.com

Jeffrey D. Kaliel, Esq. (pro hac vice forthcoming)
KALIELGOLD PLLC
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Telephone: (202) 350-4783
jkaliel@kalielpllc.com

/s/ *Philip R. Erwin*
Philip R. Erwin